65  577
96  295

[No. 9,695. In Bank. — September 5, 1884.]

ALEXANDER McPHERSON, Petitioner, v. WASH-INGTON BARTLETT et al., Respondents.

Election of State Senators—Term of Office—Constitutional Construction. —The seats of the twenty senators elected in 1882 from the districts designated in the Act of 1874 by odd numbers, became vacant at the expiration of the second year, and their successors must be elected at the general election in 1884, from the same districts, and the term of office is two years.

Application for a writ of mandate to compel the defendants constituting the board of supervisors of the city and county of San Francisco to prepare tally lists, poll lists, returns, etc., for counting and returning the votes for State senator from the ninth senatorial district, at the general election of 1884.

The remaining facts are stated in the opinion of the court.

*William T. Wallace,* for Petitioner.

*J. P. Hoge, W. T. Baggett,* and *William Craig,* City and County Attorney, for Respondents.

Ross, J. — The provisions of the Constitution with respect to the election of senators are perfectly plain, and if the legislature of 1881 had districted the State in accordance with the command contained in section 6 of article iv. of that instrument, the scheme therein devised would have been put in perfect and

LXV. Cal. — 37.

harmonious working. But the legislature of 1881 failed to perform its duty in that regard. If the constitutional mandate had been obeyed, the State would have been divided into forty senatorial districts, numbered from one to forty inclusive, prior to the election of 1882, each of which districts would have elected one senator in that year—those from the even-numbered districts to hold their office for four years, and those from odd-numbered districts to hold for two years, and thereafter the term of each senator to be four years, so that one half of the senators would be elected every two years. But the State not having been divided into forty senatorial districts prior to the election of 1882, the question is, what is the result?

There is no doubt but that as a matter of fact the whole number of senators—forty—were elected in the year 1879, who held office for the term of three years, and that the whole number—forty—were elected in the year 1882. Now, where was the authority for those elections in the absence of the forty senatorial districts? It is found, and can only be found, in the concluding clause of section 6 of article iv. of the Constitution, which is in these words: "Until such districting as herein provided for shall be made, senators and assemblymen shall be elected by the districts according to the apportionment now provided for by law," that is to say, by the act of the legislature approved March 16, 1874, by which the State was divided into twenty-nine senatorial districts, numbered from one to twenty-nine, inclusive, and according to which there were twenty senators from the districts designated by odd numbers, and twenty senators from the districts designated by even numbers. In other words, the Constitution expressly kept in existence the districts established by the Act of 1874 until the legislature should establish the forty districts it was commanded to establish. It was from the twenty-nine districts as designated in the Act of 1874 that the forty senators were elected in 1879, and it was from those same districts that the forty senators were elected in 1882, twenty of whom were elected from districts designated by odd numbers. Now, then, by section 5 of article iv. of the Constitution, it is declared: "The seats of the twenty senators elected in the year eighteen hundred and eighty-two from the odd-numbered districts shall be vacated at

the expiration of the second year, so that one half of the senators shall be elected every two years." In view of this language I do not see how it can be successfully contended that the twenty senators elected in the year 1882 from the odd-numbered districts shall continue in their seats for *four* years. It seems to me their seats become vacant at the expiration of the second year, and must be filled at the ensuing election from the districts designated in the Act of 1874 by odd numbers, which, as has been seen, is, in express terms, continued in existence by the concluding clause of section 6 of article iv. of the Constitution —there not yet being in effect any act of the legislature dividing the State into forty senatorial districts. There is an act, however, passed by the legislature of 1883, and which goes into effect July 1, 1886, by which the State is divided into forty senatorial districts, numbered from one to forty inclusive, as required by section 6, article iv., of the Constitution, and which in its forty-second section provides: "At the general election in the year eighteen hundred and eighty-six there shall be elected forty senators, one from each senatorial district. The senators elected from the odd-numbered districts in the year eighteen hundred and eighty-six shall hold office for two years. Their successors shall be elected in the year eighteen hundred and eighty-eight, and every four years thereafter. The senators elected from the even numbered districts shall hold office for four years. Their successors shall be elected in the year eighteen hundred and ninety, and every four years thereafter." The legislature of 1883 thus performed the duty that was left unperformed by the legislature of 1881. The effect of all this, of course, will be to reduce the term of the twenty senators to be elected at the ensuing election of 1884 to two years. But this effect will have been caused by the delay in putting the scheme devised by the Constitution into execution, and will be no more than the effect that must always attend the adjusting of the legislative districts every ten years, as required by the Constitution, based upon the census taken under the direction of the Congress of the United States.

Let the writ issue as prayed for.

THORNTON, J., MYRICK, J., and McKEE, J., concurred.

THORNTON, J.—I concur in what JUSTICE ROSS has said above, and in the conclusion reached by him, and will add that while in my judgment the framers of the Constitution expected that the legislature of 1881 would district the State as required by section 6 of article iv., that they did not fail to provide for the neglect of the legislature to do so; that this provision is made by the final clause of section 6, the words of which are quoted in the opinion of JUSTICE ROSS, that the mandate of the Constitution, that "the seats of the twenty senators elected in the year 1882 from the odd-numbered districts shall be vacated at the end of the second year," was intended to apply alike to the system directed by the Constitution to be created by the legislature in 1881, and to the system continued in operation by the final clause of section 6 until the districting enjoined by the Constitution was made; that the purpose of vacating the seats of the twenty senators above mentioned, at the end of the second year after their election in 1882, was distinctly declared in the Constitution to be "that one half of the senators should be elected every two years," and that this purpose was intended to be carried out in whichever of the two modes above referred to the senators were elected.

The construction given to the Constitution in the opinion of Ross, J., harmonizes the provisions of the Constitution relating to the elections and terms of senators.

MORRISON, C. J., McKINSTRY, J., and SHARPSTEIN, J., dissented.

Rehearing in Bank denied.